UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

CARLSON WAGONLIT TRAVEL, INC.; and P. LAWSON TRAVEL, a partnership of 152812 Canada Inc. and CW Travel Ltd., formed under the laws of Ontario, Canada,

Plaintiffs,

v.

INVENSYS PLC, formed under the laws of the United Kingdom,

Defendant.

Civil No. 01-2337 (JRT/FLN)

**ORDER AFFIRMING ORDER OF MAGISTRATE JUDGE**

---

Scott R. Strand, ROBINS KAPLAN MILLER & CIRESI, 2800 LaSalle Plaza, 800 LaSalle Avenue, Minneapolis, MN 55402-2015, for plaintiff.

Todd A Wind, FREDRIKSON & BYRON, 200 South Sixth Street, Suite 4000, Minneapolis, MN 55402-1425, for defendant.

Plaintiff Carlson Wagonlit Travel, Inc. ("Carlson") brought this diversity breach of contract action against defendant Invensys PLC ("Invensys") alleging that Invensys owes approximately two million dollars in travel management fees and expenditure reimbursements. On February 14, 2003, United States Magistrate Judge Franklin L. Noel granted plaintiff's Motion to Compel Production of Documents and Deposition

FILED 4-9-03
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD. _____
DEPUTY CLERK _____

Testimony, specifically, Document Request No. 6[1] and plaintiff's Motion to Compel Deposition of Cyndi Perper. Defendant, pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, appeals the Magistrate Judge's order granting these two motions.

"The standard of review applicable to an appeal of a magistrate judge's order on a nondispositive issue is extremely deferential." *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). This Court will reverse such an order only if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. LR 72.1(b)(2). The Court has reviewed the parties' submissions and the files, records, and proceedings, with respect to the Magistrate Judge's order. Based on this review, the Court finds nothing in the record that suggests the Order is clearly erroneous or contrary to law.

## ANALYSIS

### A. Document Request No. 6

Defendant asserts that it "has no idea how to comply with the [Magistrate Judge's] order" granting plaintiff's Motion to Compel Production of Documents and Deposition Testimony as it relates to Document Request No. 6 and that the breadth of the order is

---

[1] Document Request No. 6 demands:

> All documents relating to airline commissions and overrides, reservations system, hotel and car rental commissions, since January 1999, including but not limited to articles in trade or other publications, National Business Travel Association (NBTA) or Association of Corporate Travel Executives (ACTE) documents, internal and external correspondence, or conference or seminar materials.

unreasonable. Defendant further contends that it has no responsive documents within its control and that it should not have to search the public domain for responsive documents.

In reviewing the discover order the Court finds that it does not require defendant to search the public domain for responsive documents. However, defendant must comply with the order to the extent that it has responsive documents within its control. This Court therefore concludes that the Magistrate Judge's Order relating to the production of documents was not clearly erroneous or contrary to law.

### B.   Deposition of Cyndi Perper

Defendant also appeals the Magistrate Judge's Order granting plaintiff's motion to depose Invensys' employee Cyndi Perper in Minneapolis. Perper lives and works in Berkeley Heights, New Jersey. Defendant contends that Perper should be treated as an ordinary employee, and therefore she is not subject to deposition without a subpoena and cannot be forced to travel more than 100 miles from where she resides or is employed. Fed. R. Civ. P. 45(c)(3)(A)(ii). Even if Perper is a "managing agent," defendant argues that she could not be compelled to travel to Minnesota for a deposition because the exceptions to the "100 mile rule" under Rule 45(c)(3)(A)(ii) apply only to "a party or an officer of a party." Finally, defendant requests that if this Court affirms the order, Carlson be required to bear the travel costs.

#### 1.   "Managing Agent"

It is reasonable to assume Perper identifies with the corporation, especially considering her service at the mediation. Perper apparently has significant authority in

the disputed matter that relates to travel management, and Perper is responsible for corporate travel at Invensys. It is also likely that in discharging her responsibilities, Perper has general power to exercise discretion in corporate travel matters. Combining these factors, and the principle that close cases should be construed in favor of the party seeking discovery, the Court finds that it is reasonable to characterize Perper as a "managing agent" for purposes of the instant litigation. *Founding Church of Scientology*, 802 F.2d at 1452 n.4 (close cases should be construed in favor of party seeking discovery).

Relevant case law indicates that managing agents are subject to deposition by notice. Notice under Rule 30(b)(1) of the Federal Rules of Civil Procedure is sufficient to depose a corporate employee who is an officer, director, *managing agent*, or Rule 30(b)(6) designee. *E.g., Archer Daniels Midland Co. v. Aon Risk Services, Inc*, 187 F.R.D. 578, 587 (D. Minn. 1999); *GTE Products Corp. v. Gee*, 115 F.R.D. 67, 68 (D. Mass. 1987); *Founding Church of Scientology, Inc. v. Webster*, 802 F.2d 1448, 1457 (D.C. Cir. 1986); *Sugarhill Records Ltd. v. Motown Record Corp.*, 105 F.R.D. 166, 169 (S.D.N.Y. 1985).

2.   **Location**

Requiring Perper to travel to Minneapolis for the deposition is within the discretion of the Magistrate Judge. There is a presumption that corporate employees should be deposed in a location conveniently located to the principle place of business, but this presumption is a weak one. *Sugarhill Records LTD*, 105 F.R.D. at 171

(indicating that the decision as to the location of the deposition is within the district court's discretion). In the present matter, it is reasonable to assume Perper would be willing to testify at defendant's request considering she has already traveled to Minneapolis at defendant's request to serve as a representative in the mediation. *See Zurich Insurance Co. v. Essex Crane Rental Corp.* 1991 WL 12133 at *1 (S.D.N.Y. 1991) (listing factors courts consider when determining whether employee is "managing agent.").

In this case, the location of the deposition was within the discretion of the Magistrate Judge and the decision was both reasonable under the circumstances and is not overly burdensome to defendant.

### 3. Travel Expenses

Finally, it is reasonable that the parties shall bear their own travel costs.[2] *See id.* (offering defendants a choice, either produce its witness in New York or pay the travel expenses of counsel for the *plaintiff* incurred in coming to the defendant's principle place of business).

Accordingly, this Court finds the Magistrate Judge's decision to grant the motion to depose Perper in Minneapolis is not clearly erroneous or contrary to law.

---

[2] The Magistrate Judge noted that the decision that each party shall bear its own costs is subject to reevaluation at the conclusion of the trial.

## ORDER

Based on the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that defendant's appeal from the Magistrate Judge's Order of February 14 [Docket No. 29] is **DENIED** and the Magistrate Judge's Order [Docket No. 27] is **AFFIRMED**.

DATED: March 8, 2003  
at Fergus Falls, Minnesota.

_____  
JOHN R. TUNHEIM  
United States District Judge