UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Carlson Wagonlit Travel, Inc. et al.

Plaintiffs,

v.

Invensys PLC,

Defendant.

Civil No. 01-2337 JRT/FLN

NOTICE OF SETTLEMENT CONFERENCE

---

SCOTT R. STRAND, Esq., ROBINS KAPLAN MILLER & CIRESI, for the plaintiffs.

TODD A. WARD, Esq., FREDRIKSON & BYRON, for the defendant.

---

The above-referenced case is assigned to Judge Tunheim for trial on July 28, 2003. A settlement conference will be held on Monday, June 30, 2003, at 2:00 p.m., before the undersigned in Suite 9W, United States Courthouse, 300 South 4th Street, Minneapolis, Minnesota.

Counsel who will actually try the case and each party, armed with full settlement authority, shall be present. If individuals are parties to this case, they shall be present. If a corporation or other collective entity is a party, a duly authorized officer or managing agent of that party shall be present. This means that each party must attend through a person who has the power to settle the case upon the opposing party's last stated settlement terms. If the party representative has a lesser limit, or "cap" on his or her authority, this requirement is not satisfied.

FILED JUN 04 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

If an insurance company is required to defend or indemnify any party, a representative of the insurer with the power to pay the policy limits must also attend the settlement conference.

In order to encourage the parties to address the issue of settlement on their own, counsel must meet in person with one another at least ten (10) days prior to the date of the settlement conference, to engage in a full and frank discussion of settlement. If the case does not settle, each attorney shall submit, at least one week before the date of the settlement conference, a letter setting forth the parties' respective settlement positions before the meeting, their respective positions following the meeting and a reasoned, itemized analysis justifying their client's last stated settlement position. The letter shall be submitted in camera directly to the magistrate judge and need not be served on adverse parties. The content of the letter is privileged under Fed.R.Evid. 408 and will be used by the magistrate judge only to evaluate the likelihood of settlement and to facilitate the settlement discussion. Failure of any lawyer to submit this letter will result in the settlement conference being rescheduled and the imposition of an appropriate sanction on the attorney whose failure caused the conference to be postponed. Additional sanctions may be imposed for failure to comply with any of the other foregoing instructions.

If the case cannot be settled, the case will proceed on Judge Tunheim's trial calendar.

DATED: June 3, 2003.

FRANKLIN L. NOEL
United States Magistrate Judge